JAMES ST. CLAIR, Plaintiff-Appellant, *v.* SISTERS OF THE THIRD ORDER OF ST. FRANCIS, d/b/a St. Francis Hospital, *et al.*, Defendants.—(JAY C. ALAMEDA, Defendant-Appellee.)

Third District   No. 78-352

Opinion filed June 5, 1979.

Raymond C. Rose and Larry T. Frantz, both of Peoria, for appellant.

David B. Mueller, of Cassidy, Cassidy, Mueller & Price, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Peoria County granting the motion of defendant, Jay C. Alameda, for summary judgment, and entering judgment in favor of him and against plaintiff, James St. Clair, and the denial of the motion of plaintiff, St. Clair, to reconsider the granting of the motion for summary judgment and the entry of judgment thereon.

Two issues are raised on this appeal:

1. Whether plaintiff's appeal should be dismissed because the "loan receipt" entered into between plaintiff, St. Clair, and defendant, St. Francis Hospital, after entry of summary judgment in favor of defendant-appellee, Alameda, established a subsequent absence of a bona fide justiciable controversy between plaintiff-appellant, St. Clair, and defendant, and,

2. Whether the record demonstrates the existence of a genuine issue of fact which would by law render the granting of defendant's motion for summary judgment improper.

On May 29, 1974, James St. Clair was injured in a traffic accident and was taken for treatment to the emergency room of St. Francis Hospital. The hospital admitted plaintiff and the emergency room doctor called Dr. Jay C. Alameda in for orthopedic treatment and consultation. Dr. Alameda did not come to the hospital that night. The condition of plaintiff's injured leg deteriorated and the leg was later amputated below the knee.

On August 25, 1975, the plaintiff filed his complaint against defendant, St. Francis Hospital. In February 1976, plaintiff's motion to amend his complaint to add Jay C. Alameda as a defendant was granted. On December 1, 1976, defendant Alameda filed a motion to compel

disclosure of expert witnesses. On December 9, 1976, the court entered an order requiring plaintiff to disclose expert witnesses to defendant's counsel within 14 days after these experts' identities became known and no later than 30 days before the trial. On February 25, 1977, Alameda filed his motion for summary judgment, alleging the cause was one based upon medical negligence, that certain requests to admit had been served upon plaintiff and that no answer thereto had been made, that the cause was one which required the plaintiff to show by affirmative evidence from a qualified physician certain facts and that because of the admissions of fact plaintiff could not sustain his burden of proof, and no genuine issue of material fact regarding the liability of Alameda existed. In response plaintiff filed exhibits including a portion of plaintiff's deposition alleging Dr. Alameda's statements contained therein constituted admissions which created a triable issue of fact on questions of defendant's negligence, that plaintiff's failure to have an expert on a given date well in advance of trial was not sufficient basis to allow entry of judgment as a matter of law in favor of the defendant, and that the matters raised in the motion were matters of evidence which could not be decided prior to trial.

The portion of the deposition pertinent to this appeal consists of the plaintiff testifying that Dr. Alameda, in his office, said "If I had come to the hospital that night, you probably would still have your leg." At no time has this statement attributed to defendant, Alameda, been denied.

The trial court granted defendant's motion for summary judgment and entered judgment in favor of defendant, Alameda, and against plaintiff, St. Clair. On April 8, 1977, plaintiff filed a motion to reconsider and to vacate the order and to enter an order denying the motion for summary judgment filed by defendant, Alameda. On July 21, 1977, St. Clair, in response to requests to produce, filed a report from a Dr. Steinhardt. In October 1977, St. Clair filed an addendum to his motion to reconsider, attaching a copy of the report of Dr. Steinhardt, and adding the name of Dr. Shutkin as an expert witness, alleging the cause was set for trial on March 6, 1978, and a question of fact for the jury was presented, barring summary judgment. On January 9, 1978, an order denying the motion to reconsider was entered. On June 29, 1978, a stipulation order to dismiss St. Francis as a party defendant without prejudice was filed.

■■ ■ With regard to the question of whether summary judgment was properly entered in favor of defendant, Alameda, the law is well established that the right of a moving party to summary judgment must be free from any doubt, and to that end pleadings and affidavits must be construed strictly against the movant and in favor of the opponent. (*Donart v. Board of Governors* (1976), 39 Ill. App. 3d 484, 349 N.E.2d 486.) In the instant case the statements of Dr. Alameda to the

plaintiff raised sufficient questions as to whether they constitute admissions of liability as to render the entry of summary judgment in favor of defendant improper. This holding is consistent with the cases *Johnson v. Marshall* (1926), 241 Ill. App. 80, and *Asher v. Stromberg* (1966), 78 Ill. App. 2d 267, 223 N.E.2d 300. Furthermore, with regard to defendant's contention that plaintiff was obligated to declare its expert witnesses, we note the order of the judge on December 9, 1976, required only that plaintiff disclose expert witnesses to defendant's counsel within 14 days after their identity became known and no later than 30 days before the trial. There is no evidence in the record of failure to comply with that order. In fact, plaintiff did supply the names of two expert witnesses. Furthermore, the entry of the summary judgment was not a final and an appealable order because of the existence at that time of the hospital as another defendant. Where an order adjudicates the liability of fewer than all of the parties, that order is not appealable or enforceable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all parties unless the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 304.) In the instant case no such express written finding was made. We hold there was a genuine issue as to a material fact and therefore the court's entering of summary judgment for defendant was reversible error.

With regard to the issue relating to the "loan receipt," defendant Alameda, filed a motion to dismiss plaintiff-appellant's appeal on the ground the existence of a loan receipt removed any justiciable controversy. The document in question provides:

"The Undersigned, JAMES ST. CLAIR, hereby acknowledges receipt of the sum of ONE HUNDRED NINE THOUSAND THREE HUNDRED AND NO/100 DOLARS [*sic*] ($109,300.00), paid on behalf of the SISTERS OF THE THIRD ORDER OF ST. FRANCIS, a Corporation, as a loan without interest, which said sum the undersigned promises to repay from any settlement or judgment that he is legally entitled to collect from JAY C. ALAMEDA, M.D., provided that he shall have no obligation to repay said sum from that amount of any settlement or judgment he collects from the said JAY C. ALAMEDA, M.D., which exceeds ONE HUNDRED NINE THOUSAND THREE HUNDRED AND NO/100 DOLLARS ($109,300.00).

The Undersigned, JAMES ST. CLAIR, further agrees that he shall use and pursue any legal means which are available to him to obtain and collect a settlement or judgment against JAY C. ALAMEDA, M.D.

In the event that said JAY C. ALAMEDA, M.D., shall seek and

obtain contribution or indemnity from the SISTERS OF THE THIRD ORDER OF ST. FRANCIS, a corporation, then the undersigned, JAMES ST. CLAIR, agrees that he should not collect from or execute against the said JAY C. ALAMEDA, M.D. for an amount greater than has been loaned to him on behalf of the SISTERS OF THE THIRD ORDER OF ST. FRANCIS, namely ONE HUNDRED NINE THOUSAND THREE HUNDRED AND NO/100 DOLLARS ($109,300.00)."

Defendant Alameda contends the above document creates a potential for sham litigation since the first paragraph limits plaintiff-appellant's recovery to the exact sum paid by the hospital, in the event the hospital is found liable to indemnify defendant, Alameda, against any judgment in favor of plaintiff. Alameda believes that since the "loan receipt" was entered after the summary judgment was entered in favor of defendant, Alameda, and due to the language in the document, it can be construed as an attempted assignment of plaintiff's personal injury claim against Alameda.

■■ Plaintiff on the other hand contends the two recent cases of *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, and *Harris v. Algonquin Ready Mix, Inc.* (1975), 59 Ill. 2d 445, 322 N.E.2d 58, holding similar arrangement between plaintiffs and defendants invalid are distinguishable and that the arrangement in the instant case is in conformance with the loan receipt approved by the court in the recent case of *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, 303 N.E.2d 382. We agree and also note the appellate court case of *Schell v. Albrecht* (1978), 65 Ill. App. 3d 989, 383 N.E.2d 15, wherein the court distinguished the *Gatto* case on the ground that there the indemnitors' liability was derivative, and therefore there could be no controversy as to the indemnitors' liability in the amounts exceeding, in that case, $80,000. It noted that in *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, 303 N.E.2d 382, the nonagreeing defendant was directly liable to plaintiff and not derivatively liable as in *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 337 N.E.2d 23. In the instant case the nonagreeing defendant, Alameda, could be held directly liable to plaintiff and not merely held derivatively liable. The court also noted that in *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, the agreeing defendant was dismissed from the action so the court was not in the position of adjudicating a nonexisting controversy. We note in the instant case the agreeing defendant, the hospital, was also dimissed from the action after the entry of the summary judgment in favor of Alameda. Accordingly, we hold in the instant case the loan receipt agreement did not render the underlying controversy nonjusticiable and accordingly, the appeal should not be dismissed.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and remanded with directions to proceed in a manner not inconsistent with the foregoing opinion.

Reversed and remanded with directions.

STENGEL and BARRY, JJ., concur.