SHAY GOLDSTEIN, Plaintiff-Appellant, *v.* STANLEY KANTOR, D.D.S., Indiv. and d/b/a Stanley Kantor, D.D.S., a Professional Corporation, Defendant-Appellee.

Second District    No. 81-52

Opinion filed October 29, 1981.

Nancy J. Gleason and Philip J. McGuire, both of Dowd and Dowd, of Chicago, for appellant.

Edward A. Puisis and Robert L. Snook, both of Waukegan, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff appeals from the entry of a summary judgment in favor of the defendant dentist in a malpractice suit in the circuit court of Lake County.

The plaintiff was a patient of the defendant from February 2, 1976, to October 18, 1978. In her complaint she alleges that the defendant during this period performed "certain dental work and reconstructive work on plaintiff's mouth" and that defendant was guilty of professional negligence in his diagnosis of the plaintiff's dental condition and in grinding and reconstruction of plaintiff's teeth and in affixing ill-fitting prostheses. Plaintiff alleges that as a result of such negligence she suffered pain and was not able to pursue her normal occupation and way of life.

The complaint was filed in October 1979, about one year after the plaintiff had last been treated by the defendant. The defendant answered by a general denial in November 1979 and in January 1980 submitted interrogatories to be answered by the plaintiff. She failed to answer the interrogatories, and in April 1980 the defendant filed a motion to dismiss

the case for failure to do so. The case was dismissed, but upon motion of the plaintiff the dismissal order was vacated.

The plaintiff then filed answers to the defendant's interrogatories in which she stated that the particular acts or omissions of the defendant which constituted the negligence complained of were (1) failure to pull certain teeth necessary for proper fit of the splint; (2) failure to note damage to other teeth caused by ill-fitting prostheses; (3) failure to note a crack in the permanent splint; (4) failure to smooth cement used in affixing the splint; (5) failure to reduce or repair the splint following surgery. The answer to the interrogatory as to her injuries resulting from such negligence alleged she had suffered two cracked permanent caps, an ulcerated tongue and cheek, the inability to chew or eat and the substantial additional dental work required by other dentists.

In her answer to the defendant's interrogatory, the plaintiff stated that the facts upon which she predicated the allegations of negligent dental work by the defendant rested on knowledge gleaned from "subsequent diagnosis and treatment" by other dentists. She then listed the names and addresses of four subsequent treating dentists whose bills up to that time amounted to $2,566.

The defendant served notice that he intended to take the plaintiff's discovery deposition, and the plaintiff by letter agreed to appear for same on August 26, 1980, and in that letter noted the plaintiff's difficulty in obtaining a narrative report from the present treating dentist as to what was necessary to correct the plaintiff's dental condition following the defendant's work on her mouth. Such discovery deposition was never taken, but in September 1980 the defendant filed his affidavit as an expert reciting the details of his treatment of the plaintiff and stating that "in treating the plaintiff this affiant possessed and applied the knowledge and used the skill and care that is ordinarily used by reasonably well qualified dentists in the locality in which he practices or in similar localities in similar cases and circumstances." The defendant appended this affidavit to a motion for summary judgment. In the affidavit the defendant conceded that there had been a disagreement between him and a periodontist who was also treating the plaintiff contemporaneously with the defendant's treatment, as to the advisability of retaining two of the plaintiff's teeth, the periodontist, Dr. Levitt, believing they should be removed and the defendant believing they should be retained. These teeth were alleged in the complaint to be one of the sources of the plaintiff's later trouble.

The court gave the plaintiff 30 days to respond to the defendant's motion for summary judgment, and the plaintiff not having done so, the court granted summary judgment in the defendant's favor. Following the granting of summary judgment against the plaintiff, she filed a motion to

vacate same in which she stated that she had been unable to secure an expert witness but was continuing to seek one and that she expected to be able to submit the narrative report of her present treating dentist upon completion of such treatment and that such report would assist plaintiff in obtaining an expert witness. The trial court denied the motion to vacate the summary judgment.

In this appeal, the plaintiff contends that the affidavit of the defendant—which was the only affidavit filed by either side—itself reflected the existence of a dispute as to a material fact in that the defendant admitted in that affidavit that there had been a disagreement between him and the periodontist as to the advisability of retaining two of the plaintiff's teeth which were being treated. The plaintiff asserts that there was a material issue of fact raised thereby as to whether or not the defendant was negligent in not removing such teeth. At least it is claimed that such a possibility of negligence is suggested and should prevent the rendering of a summary judgment.

Moreover, the plaintiff contends, an affidavit by an expert witness who is himself the defendant in a malpractice case should not be accepted by the court as a basis for summary judgment. While the defendant has a right to submit an affidavit on his own behalf, the plaintiff contends that more should be required for a summary judgment than the defendant's own evaluation of whether or not he used the standard of care required by dentists in the locality in question for treating a similar case.

The case at bar is somewhat parallel in its facts to the case of *Mendelson v. Feingold* (1979), 69 Ill. App. 3d 227, previously considered by this court. In that case the plaintiff alleged he had suffered kidney damage by reason of having taken the drug prednisone after being advised by the defendant doctor that he could safely do so, although he had a history of kidney disorder. The plaintiff was unable during discovery procedure to produce the name of an expert medical witness in his behalf and after being ordered to do so by the court supplied the name of Dr. Bentley from whom he was awaiting a report. Dr. Bentley, however, did not furnish the expected report. The plaintiff sought to depose the defendant, but evasive action by the defendant delayed this. The plaintiff then filed with the court the report of a professor of pharmaceutical sciences which contained conclusions favorable to the plaintiff's case. The defendant filed a motion to dismiss for failure to comply with discovery rules, citing Supreme Court Rule 219(c), and the motion was granted. Upon appeal, this court reversed, holding that although the scope of discovery was broad in Illinois the rules do not require a party to name or produce a witness where, without fault of the plaintiff, no such witness is available to him. While the *Mendelson* case turned on a motion to dismiss,

whereas the present case was decided on a motion for summary judgment, the plaintiff cites the language of *Mendelson* as follows:

"Defendant also relies upon cases which have upheld the granting of summary judgment where facts have been established entitling them to summary judgment as a matter of law. [Citation.] While defendant here did initially move for summary judgment, the trial court did not rule upon that motion and it is not before us. We must note, however, that had the court granted summary judgment without first permitting plaintiff to depose defendant and the two treating physicians such judgment would necessarily be set aside as erroneous." 69 Ill. App. 3d 227, 235.

This language would be persuasive if the facts were the same here as in *Mendelson*. There is, however, an important difference between the two cases. In *Mendelson* the plaintiffs had attempted on more than one occasion to depose the defending physicians and had been thwarted by their delaying tactics, which the trial court had permitted. As the *Mendelson* opinion noted "plaintiffs here were never permitted to depose either defendant or two treating physicians although they had attempted to do so as early as August 1976." (69 Ill. App. 3d 227, 234.) The effect of the series of orders entered by the trial court was to require plaintiffs to obtain a medical expert witness who would state in writing that the defendant was negligent in his treatment of Mr. Mendelson before plaintiffs would be allowed to proceed with their own discovery.

In the case before us, however, the plaintiff made no attempt to depose the defendant and filed no affidavits whatsoever on her own behalf. The only affidavit on file was that of the defendant describing in detail his treatment of the plaintiff and expressing his opinion as an expert that in such treatment the defendant "possessed and applied the knowledge and used the skill and care that is ordinarily used by reasonably well qualified dentists in the locality in which he practices or in similar localities in similar cases and circumstances."

The plaintiff had ample opportunity to file counteraffidavits on her own behalf or to depose the defendant relative to his treatment of the plaintiff, but failed to do so. No reply was made to the motion for summary judgment filed on September 23, 1980, by the defendant although the plaintiff was allowed 30 days to do so, nor was any motion for a continuance sought by the plaintiff after notice that the defendant would seek a ruling on the motion on November 18 was received. In view of the lack of any affidavit by the plaintiff, the trial court had no issue of a material fact before it when the defendant's motion for summary judgment was filed and summary judgment was granted accordingly.

The plaintiff contends in this appeal that an issue as to a material fact

was raised by the defendant's own affidavit in that the defendant's affidavit admitted that the periodontist had disagreed with the defendant as to the retention of two of the plaintiff's teeth, which the defendant thought should be, and which were, retained. We do not regard this difference of opinion, if it existed, as evidence of an issue as to the medical malpractice of the defendant. The possibility of a different treatment from the one performed does not *per se* raise a question as to the defendant's professional competence, and we do not regard the suggested difference in opinion as amounting to a material issue of fact. See *Walski v. Tiesenga* (1977), 53 Ill. App. 3d 57; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029; *Ybarra v. Cross* (1974), 22 Ill. App. 3d 638.

We think the trial court did not err in granting summary judgment for the defendant under the particular circumstances of this case.

The judgment of the circuit court of Lake County is affirmed.

HOPF and NASH, JJ., concur.