JOHN RASCHKE et al., Plaintiffs-Appellants, v. HARRY BLANCHER et al., Defendants-Appellees.

Third District   No. 3—84—0449

Opinion filed March 6, 1986.—Rehearing denied April 17, 1986.

814

Stuart R. Lefstein, of Katz, McAndrews, Durkee, Balch & Lefstein, of Rock Island, for appellants.

Larry Vandersnick, State's Attorney, of Cambridge, for appellee Lyle Jager.

John W. Robertson and Dee A. Runnels, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee Harry Blancher.

JUSTICE STOUDER delivered the opinion of the court:

This action was commenced by nine farmer taxpayers (John Raschke *et al.*), as a class action in behalf of themselves and all other farmer taxpayers similarly situated. The action sought damages and other relief from Harry Blancher, Henry County supervisor of assessments, and Lyle Jager, chairman of the board of review of Henry County, for violations of their constitutional rights as proscribed by 42 U.S.C. sec. 1983 (1982). This is a companion case to *In re Application of Johnson* (1986), 141 Ill. App. 3d 497. Both cases arise from substantially the same factual dispute and were considered by the trial court at the same time. In this case the trial court granted the defendants' motion for summary judgment, holding the plaintiffs were required to exhaust their administrative remedies before this action could be maintained under the Federal statute. The administrative procedure and remedies are those which are the subject of the companion case. Since this is a class action, the plaintiffs in the instant case are all of the farmer taxpayers affected by the assessment rather than only those farmer taxpayers who properly perfected their objections to the assessment and responded to the application of the collector to sell land on which taxes were delinquent. In addition, other relief and the allowance of attorney fees were requested.

The complaint alleges that the constitutional rights of the plaintiffs were violated by the defendants in that the conduct of the latter constituted a "deprivation of rights, privileges or immunities secured by the constitution and laws" (42 U.S.C. sec. 1983 (1982)). The factual allegations described the same conduct as that in the companion case relating to the reassessment of farmlands, farm improvements and farm dwell-

ings. Since the facts were extensively discussed in that case they will not be repeated here. It is sufficient to say that in the companion case we did hold that reassessment of farm improvements and farm dwellings as part of a quadrennial reassessment in one year, but delay of reassessment of all other categories of property until the succeeding year, did deny the owners of the farm property equal protection of the laws.

On this appeal, the plaintiffs urge that the trial court erred in dismissing their complaint as premature because of their failure to exhaust their available administrative remedies.

In *Monroe v. Pape* (1961), 365 U.S. 167, 5 L. Ed. 2d 492, 81 S. Ct. 473, and its progeny, including *McNeese v. Board of Education* (1963), 373 U.S. 668, 10 L. Ed. 2d 622, 83 S. Ct. 1433, the rule is announced that other legal remedies need not be exhausted or resort to such other legal remedies was not a prerequisite to the institution of section 1983 actions in Federal courts. Interpreting congressional intent, these cases have held Congress intended an independent or supplemental procedure for redress of unconstitutional deprivations.

In *Patsy v. Board of Regents* (1982), 457 U.S. 496, 73 L. Ed. 2d 172, 102 S. Ct. 2557, the court reaffirmed its adherence to the rule, concluding that it had been uniformly applied since the decision in *McNeese v. Board of Education* (1963), 373 U.S. 668, 10 L. Ed. 2d 622, 83 S. Ct. 1433. In *Patsy*, a case arising in the Federal District Court in Florida, brought under section 1983, the court rejected the claim that the right to bring such a claim was in any way dependent on whether the State administrative procedure had been followed or whether such State administrative procedure was adequate.

The plaintiffs have urged that under the rule reaffirmed in *Patsy* and as discussed in its ancestors, the question of whether they did or did not avail themselves of the tax objection procedure is immaterial to their right to institute and maintain their section 1983 damage action. This result is required according to the plaintiffs as indicated by our opinion in *Beverly Bank v. Board of Review* (1983), 117 Ill. App. 3d 656, 453 N.E.2d 96. In *Beverly Bank*, the court held the taxpayers were entitled to maintain their section 1983 action because of a constitutionally impermissible reassessment of their industrial and commercial property. How binding or persuasive is or should be the result in *Beverly Bank* has been vigorously debated by the parties to the instant case. In *Beverly Bank* we said,

> "Plaintiffs first argue that the trial court erred in basing its ruling on the doctrine that the plaintiffs were required to exhaust their administrative remedies before bringing suit under

the Federal statute. Defendants agree that the exhaustion doctrine is not applicable to actions under section 1983 of the Civil Rights Act and assert further that they do not rely upon that doctrine. (See *Patsy vs. Board of Regents of the State of Florida* (1982), 457 U.S. 496, 73 L. Ed. 2d 172, 102 S. Ct. 2557.) We think that a careful reading of the trial court's memorandum opinion indicates that the trial court did not apply the exhaustion doctrine but rather considered several exhaustion cases in determining whether Illinois law afforded plaintiffs due process. Accordingly, we will not belabor the doctrine of exhaustion of administrative remedies by further consideration. (117 Ill. App. 3d 656, 661, 453 N.E.2d 96, 99.)

As can be seen from the previous quotation, the nonexhaustion-of-remedies doctrine was not a specifically contested issue in the case, and there is no discussion of other cases requiring prior resort to statutory remedies.

In *Chicago Welfare Rights Organization v. Weaver* (1973), 56 Ill. 2d 33, 305 N.E.2d 140, the court was required to decide whether the failure of aid-to-dependent-children claimants to avail themselves of the administrative review procedures was a bar to their maintenance of a section 1983 action. In holding affirmatively, the court, after discussing the nonapplicability of the exhaustion of remedies rule in Federal courts, concluded, "The fact that a Federal district court would take jurisdiction of an action of this kind neither requires nor justifies the courts of this State in doing so." 56 Ill. 2d 33, 40, 305 N.E.2d 140, 144.

■ Whether the *Chicago Welfare Rights* case is of general applicability, it has particular applicability to the instant case because of the holding in *Fair Assessment in Real Estate Association, Inc. v. McNary* (1981), 454 U .S. 100, 70 L. Ed. 2d 271, 102 S. Ct. 177. The dispute in *Fair Assessment* is quite similar to the one involved in the instant case. The plaintiffs sought section 1983 money damages for alleged unconstitutional reassessment of their property while at the same time prosecuting a similar claim through the administrative procedure for resolving tax disputes described in the Missouri statutes. Five members of the court concluded that interpreting 28 U.S.C. sec. 1341 (1982) of the Tax Injunction Act as well as on principles of comity and judicial restraint made resort to the Federal courts under section 1983 inappropriate. The majority opinion concluded that deference should be given to the State tax procedures free from intrusion by Federal courts. In a special concurring opinion, the four-man minority agreed that resort to State tax procedures was first required by rejected the majority's suggestion that Federal jurisdiction could be lim-

ited by the application of principles of comity or judicial restraint. Both the majority and concurring minority determined that institution and maintenance of a section 1983 damage action in the Federal district court for alleged unconstitutional property reassessment was improper. According to the majority in *Fair Assessment*, "the intrusiveness of such Section 1983 actions would be exacerbated by the nonexhaustion doctrine of *Monroe v. Pape*, 365 U.S. 167 [5 L. Ed. 2d 492, 81 S. Ct. 473] (1961). Taxpayers such as petitioners would be able to invoke federal judgments without first permitting the State to rectify any alleged impropriety." (*Fair Assessment in Real Estate Association, Inc. v. McNary* (1981), 454 U.S. 100, 113-14, 70 L. Ed. 2d 271, 282, 102 S. Ct. 177, 185.) The court also declared, "Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." 454 U.S. 100, 116, 70 L. Ed. 2d 271, 283, 102 S. Ct. 177, 186.

If section 1983 actions based on alleged unconstitutional reassessments such as those in the instant case may not be maintained in Federal courts, there is even more reason for requiring and applying our own principles of administrative and judicial review which have been held to be a "plain, speedy and efficient remedy." *Rosewell v. La Salle National Bank* (1981), 450 U.S. 503, 512, 67 L. Ed. 2d 464, 473, 101 S. Ct. 1221, 1228.

■ The plaintiffs also argue this action is appropriate because of its unique nature. In *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299, the court suggested there might be some cases in which the statutory procedures did not constitute an adequate remedy at law, thereby justifying resort to equitable court procedures in tax cases. The *Clarendon* case holds that in most cases the tax objection procedure will be an adequate remedy at law including one based on constructive fraud. The instant case does not involve the absence of power of the defendants to do the act charged nor any unique situation of the plaintiffs justifying equitable relief. The major thrust of this action is one for money damages under section 1983, and we find no reason for applying equitable principles to support the sufficiency of the complaint.

For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.