Louis LINDERKAMP, Sharon Linderkamp, and Christ Walker, Plaintiffs and Appellants,

v.

BISMARCK SCHOOL DISTRICT NO. 1, Defendant and Appellee.

Civ. No. 11234.

Supreme Court of North Dakota.

Dec. 2, 1986.

Dietz & Little, 513 East Bismarck Expressway, Bismarck, for plaintiffs and appellants; argued by Kathryn L. Dietz and Stephen D. Little.

Zuger & Bucklin, Bismarck, for defendant and appellee; argued by Murray A. Sagsveen.

ERICKSTAD, Chief Justice.

Louis Linderkamp, Sharon Linderkamp, and Christ Walker [hereinafter collectively referred to as "Linderkamps"] appeal from that portion of the district court judgment that denied their request for attorney's fees pursuant to 42 U.S.C. § 1988. We affirm.

The Linderkamps commenced this action against the Bismarck Public School District ["District"] challenging the District's practice of transferring monies from the general fund to a building fund, and its use of "judgment funding" under Section 57–15–14.2(1)(f), N.D.C.C., to levy additional taxes to pay judgments in condemnation actions initiated by the District. The Linderkamps sought relief under the Declaratory Judgment Act, Ch. 32–23, N.D.C.C., and asserted a claim under 42 U.S.C. § 1983 [1] alleging that the District's actions violated their substantive due process rights "through unlawful and excessive taxation." The

---

1. Section 1983 provides in pertinent part:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Linderkamps also sought attorney's fees pursuant to 42 U.S.C. § 1988.[2]

The trial court granted summary judgment in favor of the Linderkamps under the Declaratory Judgment Act, holding that the District's transfer of monies from the general fund to the building fund and its use of judgment funding were not authorized by state law.[3] The trial court further concluded that only prospective relief was appropriate, and its judgment enjoins the District from engaging in the forbidden practices in the future. The trial court stated, however, that its holding was based solely upon the application of state statutes and that no bona fide civil rights claim was involved. The court therefore concluded that the Linderkamps were not entitled to attorney's fees under 42 U.S.C. § 1988. The Linderkamps have appealed only from that portion of the judgment which denies their request for attorney's fees.

The Linderkamps concede that in order to be eligible for an award of attorney's fees under § 1988 they had to have a cognizable § 1983 claim. We find it unnecessary, however, to address the substantive aspects of the Linderkamps' § 1983 claim because we conclude that, under the circumstances presented in this case, a § 1983 claim could not be brought in state court to challenge the assessment or levy of taxes under state law.

In arguing for an award of attorney's fees under § 1988 the Linderkamps have stressed that they accepted an "invitation," allegedly extended in *Kristensen v. Strinden*, 343 N.W.2d 67 (N.D.1983), to litigate their § 1983 action in state court, and that state courts must provide the full scope of relief, including attorney's fees, which would be available in federal court. It appears, however, that the Linderkamps' § 1983 action could not have been brought in federal court.

■ Federal district courts are prohibited by the Tax Injunction Act, 28 U.S.C. § 1341, from entertaining actions which would enjoin the assessment of taxes imposed pursuant to state law:

"§ 1341. Taxes by States

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The specific jurisdictional prohibition of the Tax Injunction Act applies to civil rights actions brought under 42 U.S.C. § 1983. *E.g., Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); *Bland v. McHann*, 463 F.2d 21, 24–25 (5th Cir.1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). Thus, the Linderkamps' § 1983 claim, which is based upon the allegation that the District's actions constituted an unconstitutional "taking" and which sought to enjoin future levy or collection of taxes, would be beyond the jurisdiction of the federal district court.[4]

The dispositive question is whether the Linderkamps' § 1983 action is cognizable in state court. Although the jurisdictional proscription of the Tax Injunction Act by its terms applies only to federal district court, numerous state courts presented with this issue have held that state court jurisdiction is similarly limited, on the theory that a § 1983 challenge which could not

---

2. Section 1988 authorizes the trial court to award attorney's fees to the prevailing party in an action brought under 42 U.S.C. § 1983:

"In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 USCS §§ 1981–1983, 1985, 1986], ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

3. The District has not appealed from the judgment, and we therefore are not required to address the trial court's resolution of the substantive state-law issues.

4. We note that it is "well settled and unquestioned" that the Tax Injunction Act applies to municipal and local taxes, *Kimmey v. H.A. Berkheimer, Inc.*, 376 F.Supp. 49, 54 (E.D.Pa.1974), *aff'd*, 511 F.2d 1394 (3d Cir.1975), including taxes assessed for local schools. *See Hickmann v. Wujick*, 488 F.2d 875, 876 (2d Cir.1973).

be brought in federal court should not be allowed in a state court. *Backus v. Chilivis*, 236 Ga. 500, 224 S.E.2d 370, 374–375 (1976); *Raschke v. Blancher*, 141 Ill. App.3d 813, 96 Ill.Dec. 711, 491 N.E.2d 1171, 1174 (1986); *State Tax Commissioner v. Fondren*, 387 So.2d 712, 723 (Miss. 1980), *cert. denied*, 450 U.S. 1040, 101 S.Ct. 1757, 68 L.Ed.2d 237 (1981). One state trial court, however, has held that the Tax Injunction Act does not bar state court consideration of a § 1983 challenge to state taxation, notwithstanding the availability of an adequate state remedy. *See Bung's Bar & Grille, Inc. v. Township Council of Florence*, 206 N.J.Super. 432, 502 A.2d 1198, 1213–1214 (Law Div.1985).

We believe that the proper approach is that taken by the Supreme Court of Connecticut in *Zizka v. Water Pollution Control Authority*, 195 Conn. 682, 490 A.2d 509, 513–514 (1985), wherein the court concluded that the Tax Injunction Act does not deprive state courts of all jurisdiction to hear § 1983 challenges to state taxes, but nevertheless provides a guide to development of *state* law limitations to state court jurisdiction over § 1983 actions:

> "Although § 1341 does not operate as a jurisdictional barrier in state courts, it nonetheless points the way to the proper standard by which state tax challenges should be measured. In a § 1983 suit seeking relief from the collection of state taxes, we may impose limitations that, like those of § 1341, inquire into whether the claimants have been afforded a statutory remedy that is 'plain, speedy and efficient.' The federal court has held that § 7–250 [the Connecticut statute providing a judicial remedy to any person aggrieved by a sewer assessment] is, for federal purposes, a plain, speedy and efficient remedy under § 1341; ... we likewise conclude that § 7–250 furnishes a remedy that forecloses the plaintiffs' § 1983 claims in this action in state court. Since the General Assembly has fashioned an exclusive adequate remedial system for challenging excessive sewer assessments ... we see no need to subject state tax collectors to state actions

brought under § 1983." [Citations and footnote omitted].

We agree with the *Zizka* court that the Tax Injunction Act's jurisdictional limitations do not *per se* apply to proscribe state court § 1983 jurisdiction. However, we will look, as did the Connecticut court, to the provisions of the federal act in determining whether similar limitations under state law are appropriate.

In determining whether to impose similar restrictions on § 1983 actions brought in state court, we note the policy underpinnings of the Tax Injunction Act. Although federalism concerns are an important part of the Tax Injunction Act's legislative history, additional factors underly the statute's enactment, including a general recognition that state taxation embraces uniquely sensitive local concerns and that the greatest possible deference will be paid to state remedial schemes. As noted by Justice Brennan in his opinion concurring in part and dissenting in part in *Perez v. Ledesma*, 401 U.S. 82, 127, 91 S.Ct. 674, 698, 27 L.Ed.2d 701, 730, n. 17 (1971):

> "The special reasons justifying the policy of federal non-interference with state tax collection are obvious. The procedures for mass assessment and collection of state taxes and for administration and adjudication of taxpayers' disputes with tax officials are generally complex and necessarily designed to operate according to established rules. State tax agencies are organized to discharge their responsibilities in accordance with the state procedures. If federal declaratory relief were available to test state tax assessments, state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law."

*See also Geo. F. Alger Co. v. Peck*, 74 S.Ct. 605, 607, 98 L.Ed. 1148, 1150 (1954) (Reed, J., in-chambers opinion) ("The Congress by § 1341 left the burden on the taxpayers to follow the required state procedure rather than to determine the federal issues primarily in the federal courts").

Recognition that the proscriptions of the Tax Injunction Act are based at least in part upon deference to state remedial schemes leads to the conclusion that a state court § 1983 action, which applies a federal remedial statute for alleged violations of federally-created rights, is no less of a burden upon the state remedial scheme than would be a § 1983 action brought in federal court. This concept has been recognized, albeit in a somewhat different context, by the United States Court of Appeals for the Seventh Circuit in *LaSalle National Bank v. Rosewell,* 604 F.2d 530, 538–539 (7th Cir.1979), *rev'd on other grounds,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981):

> "Defendants' position leads to the scenario of a state court adjudicating a cause of action and formulating a remedy—and throughout required to apply federal law. It would be difficult to say that this is less of an incursion into state autonomy than an action in federal court."

■ Thus, although we conclude that the Tax Injunction Act does not *per se* apply to state court actions, we nevertheless conclude that imposition of similar limitations under *state* law upon § 1983 actions brought in state court challenging the levy of state taxes is appropriate. We therefore hold that a taxpayer may not bring a § 1983 action in state court seeking to enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law where an adequate state remedy is available.[5]

■ Having determined the standard, we must consider its application to the instant case. The linchpin of the Linderkamps' § 1983 substantive due process claim is that there has been an unconstitutional "taking" of property in the form of taxes assessed by the District, and they sought declaratory and injunctive relief to invalidate the District's practices and to prevent future violations. The Linderkamps have conceded in their brief and at oral argument that they were provided an adequate remedy under state law, and they in fact received the injunctive relief which they sought. *See Redd v. Lambert,* 522 F.Supp. 608, 610 (N.D.Miss.1981), *aff'd,* 674 F.2d 1032 (5th Cir.1982) ("the adequacy of the state court remedy is evident from the fact that plaintiffs obtained the injunctive relief requested"). Because they had an adequate remedy under state law, the Linderkamps' § 1983 action alleging unlawful and excessive taxation was not cognizable in state court. Accordingly, they were not entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

■ The sole remaining issue on appeal is the District's contention that the Linderkamps' appeal is frivolous, entitling the District to damages, actual costs, and attorney's fees pursuant to Rule 38, N.D.R. App.P. We do not find the Linderkamps' appeal to be frivolous; sanctions pursuant to Rule 38 would therefore be inappropriate.

The judgment of the district court is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**5.** We note that the United States Supreme Court has implied, in dicta, that a § 1983 challenge to state taxation might be cognizable in state court. *See Fair Assessment in Real Estate Association v. McNary,* 454 U.S. 100, 116–117, 102 S.Ct. 177, 186, 70 L.Ed.2d 271, 284 (1981). The Court merely noted that Missouri had previously ruled that its state courts would entertain § 1983 actions in general. There is nothing contained in the Court's opinion in *McNary* that would indicate that state courts are required to entertain § 1983 challenges to state taxation.