PHYLLIS J. DAVIS, Plaintiff-Appellant, v. THE DEPARTMENT OF TRANSPORTATION *et al.*, Defendants-Appellees.

First District (3rd Division)` No. 87—3371

Opinion filed August 3, 1988.

Claudia Oney, of Chicago (Mark Rivera, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Phyllis Davis' employment was terminated by defendant Illinois Department of Transportation (Department) through its employees, defendants Gregory Baise and Sigmund Ziejewski. Plaintiff sought no administrative remedies. Nearly two years after the termination, plaintiff sought various forms of relief in the circuit court. Defendants filed a motion to dismiss the fourth amended complaint on the basis that plaintiff failed to exhaust her administrative remedies; that both *laches* and the relevant statute of limitations barred the action; and that sovereign immunity shielded defendants from liability. The trial court dismissed the action, and plaintiff appeals.

Plaintiff worked for the Department as a personnel manager and was responsible for the district's insurance programs. On September 14, 1979, the Department's insurance carrier wrote to plaintiff, questioning several insurance claims she had submitted and requesting a

refund of the payments made to her on those claims. Four years later, on April 8, 1983, plaintiff refunded the money to the insurance company.

On July 14, 1983, plaintiff was summoned to a meeting at work. She was unaware that the purpose of the meeting was to discuss the insurance company's refund request. Later that day, plaintiff received a letter from Ziejewski, informing her that her employment was terminated due to her submission of fraudulent insurance claims four years earlier. Plaintiff sought no review of this disciplinary action.

Two years after her discharge, on July 12, 1985, plaintiff filed the present complaint seeking contract and tort damages. Plaintiff's first amended and following complaints sought the remedy of *certiorari*. In the fourth amended complaint, count I alleged that the personnel manual of the Department established a constitutionally protected property right and that the discharge deprived plaintiff of the right to due process. Count II alleged that plaintiff was deprived of a property right and due process and sought a hearing *de novo* on her status as an employee. Count III again recited due process violations and requested reinstatement and restoration of her pension rights. The trial court dismissed the fourth amended complaint with prejudice, without specifying the grounds for dismissal.

██ █ The failure to exhaust administrative remedies prior to filing an action in the circuit court will bar that action. (*Chicago Welfare Rights Organization v. Weaver* (1973), 56 Ill. 2d 33, 305 N.E.2d 140.) Here, the Department provided an extensive review process, yet plaintiff never sought to use it. As personnel manager for seven years, plaintiff was undoubtedly familiar with the personnel manual which sets forth the administrative remedies available to her.

For example, the manual provides for an initial level of review of a disciplinary action. This consists of an informal resolution process. The procedure depends upon the employee's submission of a grievance within five work days. While plaintiff argues that five days are insufficient and that she was emotionally distraught during that time, her argument is considerably undermined by her failure to ever request, since her 1983 termination, any administrative relief under the extensive procedures set out in the manual.

Following the initial review level, the personnel manual for the Department provides an intermediate level which permits the employee to present the grievance through a representative. The final level of administrative review provides for a full hearing before a panel consisting of three members who are not Department employees. Plaintiff never attempted to use any of these procedures. She ar-

730

gues that her failure to use these remedies does not bar the present action because the case falls within an exception to the general rule. The exhaustion requirement is not at issue when the administrative agency's jurisdiction is attacked. (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258; *Miller v. Department of Public Aid* (1979), 69 Ill. App. 3d 477, 387 N.E.2d 810.) Plaintiff, however, presents no such attack here.

We conclude that plaintiff's action is barred for failure to exhaust administrative remedies. (See *Raschke v. Blancher* (1986), 141 Ill. App. 3d 813, 491 N.E.2d 1171.) The trial court properly dismissed the fourth amended complaint.

In view of our holding, it is unnecessary to consider the other arguments offered by defendants to support the trial court's decision.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.