J. Gerard HOGAN, Delores M. Hogan, Jerome S. Poker, Margaret H. Poker, on behalf of themselves and all residents of the State of Wisconsin who were paid retirement benefits by the United States Government in any one or all of the years 1982, 1983, 1984, 1985, 1986, 1987 and 1988, similarly situated, Plaintiffs-Respondents,

v.

Mark E. MUSOLF, individually and as former secretary of the State of Wisconsin Department of Revenue, Michael Ley, individually and as former secretary of the State of Wisconsin Department of Revenue, Karen A. Case, individually and as secretary of the State of Wisconsin Department of Revenue, Mark D. Bugher, individually and as secretary of the State of Wisconsin Department of Revenue, and all their unknown agents, employees, successors in office, assistants and all others acting in concert or cooperation with the current and former secretaries of the State of Wisconsin Department of Revenue or at the direction of the current and former secretaries of the State of Wisconsin Department of Revenue, Defendants-Appellants.†

Court of Appeals

*No. 89-1175. Submitted on briefs January 12, 1990.—Decided July 5, 1990.*

(Also reported in 459 N.W.2d 865.)

†Petition to review granted.

For the defendants-appellants the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *F. Thomas Creeron III,* assistant attorney general.

For the plaintiffs-respondents the cause was submitted on the briefs of *O'Neil, Cannon & Hollman, S.C.,* by *Eugene O. Duffy, Gregory W. Lyons,* and *Mark S. Poker,* of Milwaukee.

Before Eich, C.J., Gartzke, P.J., Dykman, J.

GARTZKE, P.J. The present and three former secretaries of the Wisconsin Department of Revenue (DOR) appeal from an order certifying the plaintiff class of federal retirees, preliminarily enjoining DOR from taxing retirement benefits received by the class, and denying defendants' motion to dismiss in part. We granted defendants leave to appeal pursuant to sec. 808.03(2), Stats. The issues are whether: (1) the trial court had jurisdiction to issue the preliminary injunction; (2) subsequent legislation has mooted the issues; and (3) the court abused its discretion by certifying the plaintiff class.

We conclude plaintiffs have a cause of action for an injunction under 42 U.S.C. sec. 1983,[1] the case is not moot, and the court did not abuse its discretion in certi-

---

[1] 42 U.S.C. sec. 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

fying the class. We hold that the former DOR secretaries in their official capacities are not proper parties to the action. We remand with directions that judgment be entered dismissing the action against the former DOR secretaries in their official capacities (but not in their personal capacities) and otherwise affirm the order appealed from.

## 1. FACTS

This action results from the decision of the United States Supreme Court in *Davis v. Michigan Dep't of Treasury,* 489 U.S. —, 109 S. Ct. 1500 (1989). In that case, Davis petitioned for a refund of Michigan state income taxes he paid on his federal retirement benefits. *Id.* at 1503. Michigan exempted from taxation retirement benefits paid by the state or its political subdivisions. Because Michigan did not exempt federal retirement benefits from taxation, Davis claimed that the tax scheme discriminated against federal employees, contrary to 4 U.S.C. sec. 111.[2] The Court agreed.

The *Davis* Court held that 4 U.S.C. sec. 111 applies to federal retirees as well as current employees. 109 S. Ct. at 1504–05. The Michigan income tax statute discriminated against retired federal employees and in favor of retired state employees, *id.* at 1507, and the inconsistent treatment was not justified by significant differences between the two classes. *Id.* at 1508. For that

---

be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[2] 4 U.S.C. sec. 111 provides:

The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States . . . by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation.

reason, the Michigan tax statute violated the principles of intergovernmental tax immunity "granted or retained by" sec. 111. *Id.* at 1507. Michigan conceded that a tax refund to Davis was appropriate. *Id.* at 1508–09. The Court remanded the matter to the Michigan courts to determine a proper remedy. *Id.* at 1509.

From 1963 to 1988, Wisconsin exempted from income taxation all payments received from the retirement benefits systems for those state public school teachers and employees of the county and city of Milwaukee who were members of the systems as of December 31, 1963. Sec. 71.05(1)(a), Stats. 1987; sec. 71.03(2)(d), Stats. 1965 to 1985; sec. 71.03(2)(g), Stats. 1963. Wisconsin did not exempt any federal retirement benefits. The complaint in this action is directed against that disparate treatment.

The Wisconsin legislature has eliminated the disparity as to tax years starting in or after 1989. For those years, the exemption also applies to payments received from the United States civil service or military retirement systems if the recipients were members of a federal retirement system on December 31, 1963. Secs. 1817m and 3203(48)(bg), 1989 Wis. Act 31.

Plaintiffs commenced this action on April 17, 1989. Jerome Poker alleges that the United States Postal Service employed him for twenty-eight and one-half years and that he received federal retirement benefits in the years 1985 through 1988. Gerard Hogan alleges that the Federal Bureau of Investigation employed him for thirty-two years and that he received federal retirement benefits in the years 1982 through 1988. Both plaintiffs allege they paid Wisconsin income tax on the benefits received before 1988 and that they will pay such tax on the benefits received in 1988.

Plaintiffs allege that the defendant DOR secretaries, in their personal and official capacities, discriminated against plaintiffs and in favor of state and local employees by taxing plaintiffs' federal retirement benefits. They aver that defendants have violated the supremacy clause (U.S. Const. art. VI, cl. 2), principles of intergovernmental tax immunity articulated in *Davis,* and 4 U.S.C. sec. 111. They ask for declaratory, injunctive, and monetary relief. The monetary relief consists of damages from monies unlawfully collected from plaintiffs by way of the unlawful tax on their federal retirement benefits. They do not allege that the former secretaries presently have official duties with DOR.

After issue was joined, defendants moved to dismiss the action on grounds that: the circuit court lacks jurisdiction over the defendants; the circuit court lacks subject matter jurisdiction; because of sovereign immunity defendants may not be sued in their official capacities; defendants are qualifiedly immune from suit in their personal capacities; and plaintiffs fail to state a claim upon which relief can be granted. We treat the motion as one for judgment on the pleadings made pursuant to sec. 802.06(3), Stats.

Plaintiffs moved for class certification under sec. 803.08, Stats.,[3] and for a preliminary injunction. The proposed class was described as all present and former Wisconsin residents who in any of the years 1982 through 1988 paid income taxes to Wisconsin on federal retirement benefits and who were members of a federal system on December 31, 1963. The proposed preliminary

---

[3]Section 803.08 provides: "When the question before the court is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

injunction was to preclude enforcement of sec. 71.05(1)(a), Stats. 1987, against plaintiffs and to require all funds collected in the future for the years in issue under that statute be held in constructive trust by defendants for plaintiffs. The trial court granted plaintiffs' motion and denied defendants' motion in part. The court decided only some of the issues raised by defendants' motion to dismiss, apparently at their request.[4] The preliminary injunction restrains the defendants from collecting taxes under and enforcing sec. 71.05(1)(a) from June 15, 1989 (the date the motion was granted) forward pending resolution of the merits of the case.

The trial court supported its order with findings of fact and conclusions of law. It found and concluded that: it has personal jurisdiction over the named defendants, subject matter jurisdiction over the action, and concurrent jurisdiction with the federal courts over claims brought under 42 U.S.C. sec. 1983; declaratory and injunctive relief as well as money damages are remedies available under sec. 1983; a violation of 4 U.S.C. sec. 111 is actionable under sec. 1983; and a reasonable probability exists that (a) the state has waived or is estopped from asserting sovereign immunity, (b) plaintiffs are not required to exhaust administrative remedies for refunds, (c) sec. 71.05(1)(a), Stats. 1987, and its predecessor statutes violate 4 U.S.C. sec. 111,[5] (d) sec.

---

[4]At hearing, defendants' counsel stated: "I want to make it clear for the record that my motion . . . was a jurisdictional motion and it was not addressed to the merits of the plaintiffs' claim."

[5]The trial court did not use "reasonable probability" language in its conclusion that sec. 71.05(1)(a) violates 4 U.S.C. sec. 111. We infer that was a slip of the pen and that the court intended to limit its conclusions to whether it had jurisdiction

71.05(1)(a) is unconstitutional on its face, and (e) by enforcing sec. 71.05(1)(a), defendants violated the federal constitution and laws.

The trial court further found and concluded that: continuing to impose tax liability on the named plaintiffs and those similarly situated would result in irreparable injury to them; the issues in litigation involve common and general interests shared by all members of the class to be certified; the named plaintiffs fairly represent those interests and their interests do not conflict with the interests of others in the class; the class includes at least 25,000 persons; it would be impracticable to bring all the parties before the court; the named plaintiffs and their counsel are diligently and competently litigating the action; and the action is properly conducted as a class action under sec. 803.08, Stats.

Based on its findings and conclusions, the trial court ordered: DOR personnel are preliminarily enjoined from June 13, 1989 forward so that (a) they may not collect or impose on the plaintiff class Wisconsin income tax on retirement benefits received from the United States, (b) any money DOR collects shall be held in constructive trust, (c) all applicable DOR personnel shall be informed of the terms of the order; the class represented by the named plaintiffs is certified as all present and former Wisconsin residents, and their successors in interest, who paid income tax to the state on retirement benefits paid them by the United States and who were members of a United States retirement system as of December 31, 1963; counsel for the named plaintiffs shall be sole lead counsel for the class; and notice shall not be given the class until resolution of further legal issues on the merits.

---

under sec. 1983 and whether plaintiffs had a reasonable probability of success on the merits.

As we have said, the order reached only some of the issues raised by defendants' motion to dismiss. The trial court held that it had personal jurisdiction over the parties, subject matter jurisdiction over the 42 U.S.C. sec. 1983 claim, the defendants in their official capacities are not immune from suit for injunctive relief, and the complaint therefore states a claim. We affirm those holdings.[6]

The trial court did not decide whether the defendants in their official capacities are "persons" for purposes of a claim for damages under 42 U.S.C. sec. 1983 or whether defendants in their personal capacities are qualifiedly immune from such a claim. We do not address those undecided issues.

## 2. JURISDICTION

Defendants argue that the trial court lacks jurisdiction for three reasons: (1) a claim for refund of state taxes paid to the state treasury may not be maintained under 42 U.S.C. sec. 1983; (2) a violation of 4 U.S.C. sec. 111 does not give rise to a cause of action under sec. 1983, and (3) because this action could not be maintained in a federal court, it cannot be maintained in a state court. We reject each contention as it relates to this appeal.

We need not decide whether the trial court has jurisdiction to entertain a damages action against the state. That issue is not before us.[7] We deal only with the

---

[6]Personal jurisdiction is not an issue on appeal.

[7]The issue did not arise in *Davis,* a refund case. We note, however, that *Will v. Michigan Dep't of State Police,* 491 U.S. —, 109 S. Ct. 2304 (1989), precludes sec. 1983 actions brought in state court to recover damages from the state unless the state has consented to suit.

jurisdiction of the court to grant injunctive relief under sec. 1983. The trial court has such jurisdiction.

Official-capacity actions for prospective relief are not treated as actions against the state. *Will v. Michigan Dep't of State Police,* 491 U.S. —, 109 S. Ct. 2304, 2311 n.10 (1989). For that reason, a state official sued for injunctive relief in his or her official capacity is a "person" under 42 U.S.C. sec. 1983. *Id.* State officials sued in that manner are not entitled to the sovereign's immunity from suit. *Id; John F. Jelke Co. v. Beck,* 208 Wis. 650, 661, 242 N.W. 576, 581 (1932) (circuit court may enjoin state officials from enforcing unconstitutional statute which for that reason "is not a law"). Consequently, because plaintiffs request prospective relief, this action may be maintained under sec. 1983, unless a violation of 4 U.S.C. sec. 111 does not create a cause of action under sec. 1983.

Although no other appellate court has reached the question, we conclude that a violation of 4 U.S.C. sec. 111 creates a cause of action under 42 U.S.C. sec. 1983. Section 1983 provides various remedies, including equitable relief, for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Section 111 either is "an affirmative statutory grant of immunity" or it "preserves the traditional constitutional prohibition against discriminatory taxes." *Davis,* 109 S. Ct. at 1506-07. Private individuals who are subjected to discriminatory taxation enjoy the protection of the same immunity. *Id.* at 1507.

Just as the Michigan tax statute reviewed in *Davis* was invalid because it discriminated against federal employees and therefore violated 4 U.S.C. sec. 111, so

the Wisconsin tax statute probably violates sec. 111.[8] For that reason, the Wisconsin statute probably deprives plaintiffs of one of the "immunities secured by the Constitution and laws," and 42 U.S.C. sec. 1983 provides plaintiffs with a remedy. As we have said, injunctive relief against state officials is a remedy available under sec. 1983.

We reject defendants' argument, based on *Felder v. Casey,* 487 U.S. 131 (1988), that this 42 U.S.C. sec. 1983 action nevertheless cannot be maintained in state court. Defendants say this action would have been dismissed had it been brought in federal court, and therefore *Felder* requires that it be dismissed in state court. The *Felder* court declared it was Congress's desire that the federal civil rights laws be given a uniform application within each state, and that a state court procedure "that predictably alters the outcome of sec. 1983 claims depending solely on whether they are brought in state or federal court within the same State is obviously inconsistent with this federal interest in intrastate uniformity." *Id.,* 487 U.S. at 153. Defendants note that in *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100 (1981), the Court dismissed a sec. 1983 action for money damages resulting from allegedly unconstitutional tax assessments on grounds that maintenance of such actions violated federal principles of comity and that resort to state administrative tax procedures or other adequate state law remedies was first required. *Id.* at 116.

*McNary* is inapposite for two reasons. First, the comity principle restricts federal court interference with

---

[8]Neither the trial court nor this court has decided whether the former Wisconsin tax statute violated 4 U.S.C. sec. 111 as interpreted by *Davis.* For that reason, we limit our language to "probably," the standard required for a preliminary injunction.

state governments. *Id.* at 103. That interference will not occur here. This action is in state court.[9] Second, the plaintiffs seek injunctive relief as well as damages.

Defendants assert, however, that injunctive relief is not available in federal courts and should not be available in state courts. They rely primarily on a North Dakota decision which refused to enjoin enforcement of that state's own tax statutes under 42 U.S.C. sec. 1983. *Linderkamp v. Bismarck School Dist. No. 1,* 397 N.W.2d 76 (N.D. 1986). The *Linderkamp* court cited the Tax Injunction Act, 28 U.S.C. sec. 1341,[10] which prohibits federal district courts from enjoining the enforcement of state tax laws. The court held that the federal jurisdictional limitations of the act "do not *per se* apply to proscribe state court sec. 1983 jurisdiction. However, we will look . . . to the provisions of the federal act in determining whether similar limitations under state law are appropriate." 397 N.W.2d at 79 (following *Zizka v. Water Pollution Control Auth. of Windham,* 490 A.2d 509 (Conn. 1985)). The court concluded that such limitations were indeed "appropriate" under North Dakota law. The court held that a taxpayer may not obtain an injunction via sec. 1983 from a North Dakota court to

---

[9]We recognize that other state courts have read *McNary* as applying to actions in state courts. Defendants cite *Raschke v. Blancher,* 491 N.E.2d 1171 (Ill. App. Ct. 1986), *Stufflebaum v. Panethiere,* 691 S.W.2d 271 (Mo. 1985) and *Johnston v. Gaston County,* 323 S.E.2d 381 (N.C. Ct. App. 1984). We do not read *McNary* as creating any limitation on sec. 1983 actions in state courts.

[10]28 U.S.C. sec. 1341 provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

enjoin the collection of a state tax. *Id.* at 80.[11]

We agree with the *Linderkamp* court's conclusion that the Tax Injunction Act does not affect a state court's jurisdiction over a claim for an injunction under 42 U.S.C. sec. 1983.[12] We do not conclude that the limitations in the Tax Injunction Act are appropriately applied to an action in a Wisconsin court to enjoin enforcement of a Wisconsin tax statute. Whether such limitations are appropriate involves weighty public policy decisions.

The Wisconsin Court of Appeals does not decide public policy for this state. That function is reserved exclusively to our state supreme court. *In re F.E.H.,* 149 Wis. 2d 237, 242, 440 N.W.2d 799, 802 (Ct. App. 1989). And that court has already declared that it is "appropriate" for the courts of this state to hear 42 U.S.C. sec. 1983 actions. *Terry v. Kolski,* 78 Wis. 2d 475, 496-97, 254 N.W.2d 704, 712 (1977). If it is somehow inappropriate for our courts to exercise their jurisdiction in sec. 1983 actions which seek to enjoin enforcement of Wisconsin's tax law, we trust the supreme court will so

---

[11]The taxpayers in *Linderkamp* had obtained an injunction under the North Dakota declaratory judgment act. The effect of the court's holding was to deny the taxpayers an award of attorney's fees under 42 U.S.C. sec. 1988.

[12]A majority of states have refused to enjoin state tax procedures under sec. 1983. *See* Comment, *Section 1983 in State Court: A Remedy for Unconstitutional State Taxation,* 95 Yale L.J. 414, 427-28 & n.79 (1985) (collecting cases); *Owner-Operators Indep. Drivers v. State,* 553 A.2d 1104 (Conn. 1989); *Vann v. DeKalb County Board of Tax Assessors,* 367 S.E.2d 43 (Ga. Ct. App. 1988); *but see Bung's Bar & Grille v. Township Council of Florence,* 502 A.2d 1198 (N.J. Super. Ct. Law Div. 1985).

declare.[13]

■

We conclude that the trial court has jurisdiction to issue an injunction enjoining state officials from enforcing the tax statute involved.[14]

## 3. MOOTNESS

■

Effective with the 1989 tax year, sec. 1817m, 1989 Wis. Act 31, exempts from state income taxation the pension income of federal retirees in the certified class. The new law does not affect the liability of federal retirees for pre-1989 tax years under sec. 71.05(1)(a), Stats. 1987, or its predecessors. Accordingly the issues in this action relating to pre-1989 tax years have not been mooted by the new legislation.

Defendants nevertheless assert that whatever right plaintiffs may have had to relief before the amendment, that right is gone. They rely on *Lister v. Board of Regents*, 72 Wis. 2d 282, 240 N.W.2d 610 (1976). In *Lister* the plaintiffs alleged that while they were students at the University of Wisconsin, they were improperly denied resident status and therefore paid tuition as nonresidents. They sought damages for the resulting difference in tuition they had paid and a declaration of their right to have been classified as residents. The *Lister*

---

[13]*Felder* does not restrict state court jurisdiction in any manner. It struck down a state procedure that discouraged sec. 1983 claims from being brought in state courts, in cases where both state and federal courts have jurisdiction.

[14]The trial court also has jurisdiction over the defendants in their personal capacities. At this point in the litigation it is another question, which we need not decide, whether in their personal capacities the defendants are entitled to qualified immunity from suit under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

court held that because the action was in effect one for damages, the plaintiffs were not entitled to declaratory relief. *Id.* at 308, 240 N.W.2d at 625.

The case before us is easily distinguished from *Lister.* Here the plaintiffs seek an injunction as well as damages and declaratory relief. The only issue before us in this appeal is the propriety of the injunction and the certification of the class. We need not decide whether the plaintiffs are entitled to declaratory relief when they also seek damages.

However, while the former DOR secretaries are proper party defendants in their personal capacities, the trial court should have dismissed the action against them in their official capacities. Section 803.10(4)(a), Stats., provides in relevant part: "When a public officer . . . is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise cease to hold office, the action does not abate and the successor is automatically substituted as a party." That statute is essentially identical to Fed. R. Civ. P. 25(d)(1). Under that rule, it is improper to name as defendants in a lawsuit former officials in their official capacities when they no longer serve in any relevant official position.[15] *Massachusetts Hosp. Ass'n v. Harris,* 500 F. Supp. 1270, 1283 (D. Mass. 1980) (citing Fed. R. Civ. P. 25(d)(1) advisory committee note on 1969 amendments). We accept that holding. The present DOR secretary is a named defendant in his official capacity. Naming the former secretaries in their official capacities is redundant. Our ruling does not affect their status as defendants in their personal capacities.

---

[15]If the name of the current official is unknown, he or she may be described as a party by official title rather than by name. Sec. 803.10(4)(b), Stats; Fed. R. Civ. P. 25(d)(2).

## 4. CLASS CERTIFICATION

The class certified is in substance "[a]ll present and former Wisconsin residents who paid income taxes to the State of Wisconsin on the retirement benefits paid to them by the United States government" who were members of their retirement systems as of December 31, 1963.

Certification of a class under sec. 803.08, Stats., is a discretionary determination. *Sisters of St. Mary v. AAER Sprayed Insulation,* 151 Wis. 2d 708, 713, 445 N.W.2d 723, 725 (Ct. App. 1989). The prerequisites for class certification are: (1) all class members share a common interest; (2) the named parties fairly represent that interest; and (3) it is impracticable to bring all interested parties before the court. *Id.* at 713-14, 445 N.W.2d at 725.

Defendants suggest that the interests of the named and class plaintiffs diverge. Because neither named plaintiff receives a military pension, defendants argue that military pensioners must be excluded from the class.

Plaintiffs aptly respond that all members of the class need not share all interests but only *a* common interest. "The test for common interest is whether all members of the purported class desire the same outcome of the suit that the alleged representatives of the class desire." *Mercury Records v. Economic Consultants,* 91 Wis. 2d 482, 490, 283 N.W.2d 613, 617 (Ct. App. 1979). Defendants provide no reason for believing that military pensioners desire a different outcome in this case than do other federal retirees.

It is true that class certification may properly be denied if the common interests of the named and class plaintiffs are outweighed by divergent interests. *Goebel*

*v. First Fed. Sav. & Loan,* 83 Wis. 2d 668, 684, 266 N.W.2d 352, 360 (1978). Defendants argue that the class's potential responsibility for attorney's fees is such a divergent interest. They fail, however, to note that the trial court has permitted class members to "opt out" of the class on request. That cures the defect of which defendants complain.

Defendants next argue that the present class action is tantamount to a suit for tax refunds. They cite cases from other states holding that class actions for tax refunds may not be maintained because of sovereign immunity principles. *Henderson v. Carter,* 195 S.E.2d 4 (Ga. 1972); *Aronson v. City of Pittsburgh,* 510 A.2d 871 (Pa. Commw. Ct. 1986); *Lick v. Dahl,* 285 N.W.2d 594 (S.D. 1979). We reject defendants' position. Insofar as injunctive relief is sought, this is not a tax-refund suit. Insofar as damages are sought, the sovereign immunity issue is not before us.

Defendants finally argue that class certification is inappropriate because it will be burdensome to administer. Manageability of a class action is a proper consideration. *Sisters of St. Mary,* 151 Wis. 2d at 714, 445 N.W.2d at 725. They suggest that ultimately each class member must supply amended tax returns for each year they were affected showing the amount of the refund to which they are entitled. The trial court has, however, reserved decision as to notification of the class and implicitly what the members must do to obtain relief. The trial court has not resolved the manageability issue. We will not decide that issue for the trial court.

We conclude that the trial court has not been shown to have abused its discretion by certifying the class.[16] We affirm that portion of the order.

## 5. CONCLUSION

The trial court has jurisdiction over this sec. 1983 action. The matter has not been resolved by later legislation. The court did not abuse its discretion in certifying the plaintiff class. We therefore affirm the order granting injunctive relief and certifying the class.

Because the present secretary in his official capacity is a named defendant, the former secretaries in their official capacities are not proper parties. We direct the trial court on remand to enter a judgment for the former secretaries in their official capacities that dismisses the action against them. They shall remain defendants in their personal capacities.

*By the Court.*—Order affirmed except as to former secretaries in their official capacities and cause remanded with directions and for further proceedings.

[16]Defendants argue for the first time in their reply brief that the trial court abused its discretion by issuing a preliminary injunction. We do not review the issue. *See Sisters of St. Mary,* 151 Wis. 2d at 723 n.4, 445 N.W.2d at 729 (appellate court will not review issue raised for first time in reply brief). It is immaterial that plaintiffs raised the issue in their brief as respondents. They did not do so to present an alternate ground for upholding the injunction. *Cf. Auric v. Continental Cas.,* 111 Wis. 2d 507, 516, 331 N.W.2d 325, 329–30 (1983) (respondent need not cross-appeal to raise alternate ground supporting judgment). Defendants' reply on that issue was unnecessary.