BOUGHTON TRUCKING AND MATERIALS, INC., *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF WILL *et al.*, Defendants-Appellees.

Third District   Nos. 3—91—0738, 3—91—0739 cons.

Opinion filed May 29, 1992.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Thomas R. Wilson, of counsel), for appellant Boughton Trucking and Materials, Inc.

John A. Urban, Assistant State's Attorney, of Joliet, for appellees County of Will, Board of Review of Will County, Richard Loading, Herman Olivo, Teresa Stinnett, and Norman Beaton.

Michael Martin, of Dunn, Martin & Miller, of Joliet, for appellees Wheatland Town Road District and Andy Angelos.

Michael J. Duggan, of Klein, Thorpe & Jenkins, Ltd., of Chicago (Nicholas Sakellariou and Richard Kavanagh, of counsel), for appellee Plainfield Community Consolidated School District No. 202.

JUSTICE SLATER delivered the opinion of the court:

These consolidated appeals present a single substantive issue: must a plaintiff exhaust his administrative remedies prior to filing a complaint in State court alleging Federal civil rights violations arising out of a purportedly unfair assessed valuation of real estate? We hold that exhaustion of remedies is required in cases of this nature and we affirm the dismissal of plaintiffs' complaints.

Plaintiffs are taxpayers owning real estate in Wheatland Township, Will County, which is used in part for farming and in part for mining and quarrying. Plaintiffs' complaints alleged that the defendants conspired to unlawfully increase the assessed valuation of plaintiffs' land and certain other parcels of real estate used for mining and quarrying located in Wheatland Township while similar properties used for mining and quarrying in other townships within Will County were not reassessed. Plaintiffs alleged that defendants' actions constituted an intentional deprivation of their civil rights (42 U.S.C. §§1983, 1985(3) (1982)) and violated plaintiffs' right to equal protection of the law guaranteed by the fourteenth amendment. The trial court dismissed plaintiffs' complaints for failure to allege exhaustion of administrative remedies, relying primarily on *Fair Assessment in Real Estate Association, Inc. v. McNary* (1981), 454 U.S. 100, 70 L. Ed. 2d 271, 102 S. Ct. 177, and this court's decision in *Raschke v. Blancher* (1986), 141 Ill. App. 3d 813, 491 N.E.2d 1171.

■ Before discussing the merits of these appeals, we first address the defendants' contention that plaintiffs' appeals are untimely. The initial judgment dismissing plaintiffs' complaints was entered on August 20, 1991. At that time, two of the named defendants (Andy Angelos and Wheatland Town Road District) had not filed motions to dismiss, nor had they entered their appearance in the case. Those defendants filed a joint motion to dismiss on September 4, 1991. The trial court's order of September 4, 1991, stated that the August 20 order "dismissed both matters as to all defendants including the defendants now before this court." The September 4 order further stated that the August 20 order "applied to the Defendants Andy Angelos and the Wheatland Town Road District as of August 20, 1991, the date of its entry." Plaintiffs filed their notices of appeal on September 24, 1991. Defendants now argue that the August 20 order was a final order as to all defendants and therefore plaintiffs' notices of appeal were not timely. We disagree.

A judgment disposing of the rights and liabilities of fewer than all the parties is not enforceable or appealable absent the express written

finding required by Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a); *St. Clair v. Sisters of the Third Order of St. Francis* (1979), 72 Ill. App. 3d 421, 390 N.E.2d 966). Clearly, the August 20 order did not adjudicate the rights and liabilities of all the parties since no motion to dismiss had been filed by Andy Angelos or Wheatland Town Road District at that time. The August 20 order did not contain a Rule 304(a) finding and therefore was not immediately appealable. Although the September 4 dismissal order purported to relate back to the order of August 20, this was not a valid *nunc pro tunc* order.

A court may modify its judgment *nunc pro tunc* at any time to correct a clerical error or matter of form so that the record conforms to the judgment rendered by the court. (*Beck v. Stepp* (1991), 144 Ill. 2d 232, 579 N.E.2d 824.)

> "The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court. A *nunc pro tunc* order may not be used to supply omitted judicial action, to correct judicial errors under the pretense of correcting clerical errors, or to cure a jurisdictional defect. [Citation.] Judgments may be modified *nunc pro tunc* only when the correcting order is based upon evidence such as a 'note, memorandum or memorial paper remaining in the files or upon the records of the court.' [Citation.] The evidence supporting a *nunc pro tunc* modification must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court." (*Beck*, 144 Ill. 2d at 238, 579 N.E.2d 827.)

It is clear from the record in this case that the August 20 order of dismissal did not apply to Andy Angelos and the Wheatland Town Road District since those defendants did not enter their appearance until August 22 and did not file a motion to dismiss until September 4. The order of September 4 did not correct or modify the August order to conform it to the judgment. There was, therefore, no appealable order until September 4 when all defendants were dismissed. The plaintiffs' notices of appeal were timely filed.

■ Turning to the substantive issue presented by these cases, plaintiffs contend that exhaustion of administrative remedies is not required in a civil rights action brought pursuant to section 1983, citing *Patsy v. Board of Regents* (1982), 457 U.S. 496, 73 L. Ed. 2d 172, 102 S. Ct. 2557. *Patsy* held that exhaustion of State administrative remedies is not a prerequisite to a section 1983 claim brought in *Federal* court. As this court has previously held, however, the general rule of nonexhaustion set forth in *Monroe v. Pape* (1961), 365 U.S.

167, 5 L. Ed. 2d 492, 81 S. Ct. 473, and *McNeese v. Board of Education for School District 187* (1963), 373 U.S. 668, 10 L. Ed. 2d 622, 83 S. Ct. 1433, and reaffirmed in *Patsy* does not apply where the basis of the section 1983 claim is an allegedly unfair and improper reassessment of property. *Raschke v. Blancher* (1986), 141 Ill. App. 3d 813, 491 N.E.2d 1171.

In *Raschke* we examined the Supreme Court's decision in *Fair Assessment in Real Estate Association, Inc. v. McNary* (1981), 454 U.S. 100, 70 L. Ed. 2d 271, 102 S. Ct. 177, in which the plaintiffs sought damages under section 1983 for alleged unconstitutional reassessment of their property. The majority opinion in *McNary* noted the two divergent lines of authority regarding access to Federal courts for adjudication of the constitutionality of State law. On one hand the Tax Injunction Act (28 U.S.C. §1341 (1982)) and the principle of comity bar Federal injunctive challenges to State tax laws. "On the other hand is the doctrine originating in *Monroe v. Pape, supra,* that comity does not apply where §1983 is involved, and that a litigant challenging the constitutionality of any state action may proceed directly to federal court." (*McNary,* 454 U.S. at 105, 70 L. Ed. 2d at 276, 102 S. Ct. at 180.) The majority opinion held that despite *Monroe* and its progeny, taxpayers are barred by the principle of comity from asserting section 1983 actions in Federal courts. "Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." *McNary,* 454 U.S. at 116, 70 L. Ed. 2d at 283, 102 S. Ct. at 186.

In a separate concurring opinion, four members of the Court did not agree that comity was a proper basis for refusing to allow the case to proceed in Federal court. The concurring justices also did not believe that the Tax Injunction Act evidenced a congressional intent to bar claims for damages under section 1983 in State tax cases. Instead, the four-member minority felt that the Tax Injunction Act was evidence of a congressional policy to defer the exercise of Federal jurisdiction until State administrative remedies had been exhausted. "Where administrative remedies are a precondition to suit for monetary relief in state court *** those remedies should be deemed a precondition to suit in federal court as well." *McNary,* 454 U.S. at 137, 70 L. Ed. 2d at 296, 102 S. Ct. at 192 (Brennan, J., concurring, joined by Marshall, Stevens and O'Connor, JJ.).

Relying primarily on *McNary,* this court stated in *Raschke*:

"If section 1983 actions based on alleged unconstitutional reassessments such as those in the instant case may not be main-

tained in Federal courts, there is even more reason for requiring and applying our own principles of administrative and judicial review which have been held to be a 'plain, speedy and efficient remedy'. *Rosewell v. La Salle National Bank* (1981), 450 U.S. 503, 512, 67 L. Ed. 2d 464, 473, 101 S. Ct. 1221, 1228." (*Raschke*, 141 Ill. App. 3d at 817, 491 N.E.2d at 1174.)

While we find that our decision in *Raschke* is dispositive of the issue presented by the consolidated appeals in this case, we briefly reexamine *Raschke* in light of subsequent developments.

Although not cited by the parties, we note that the Supreme Court has extended the nonexhaustion doctrine by holding, in essence, that exhaustion requirements may not be imposed on plaintiffs bringing section 1983 actions in *State* courts. (*Felder v. Casey* (1988), 487 U.S. 131, 101 L. Ed. 2d 123, 108 S. Ct. 2302.) In *Felder* the petitioner filed a section 1983 claim in a Wisconsin court alleging that he was beaten and arrested by police because of his race. Petitioner's claim was dismissed for failure to comply with a notice-of-claim statute which required, *inter alia*, that a party filing suit against a State agency or officer must first submit a statement of the relief sought, after which the agency had 120 days to grant or deny the relief. The Supreme Court found that the notice-of-claim provision was preempted by Federal law because it conflicted with the remedial objectives of section 1983. Such a notice provision forces those filing civil rights claims in State court to comply with a requirement that is entirely absent from Federal litigation. Moreover, its enforcement would frequently and predictably produce different outcomes in section 1983 cases based solely on whether the claim was asserted in State or Federal court. The Court also noted that the Wisconsin statute imposed an exhaustion requirement on persons choosing to assert their Federal rights in State court. The Court rejected the argument that the nonexhaustion principle explained in *Patsy* did not apply to section 1983 actions brought in State courts. While States retain the authority to prescribe rules and procedures governing suits in their courts, "that authority does not extend so far as to permit States to place conditions on the vindication of a federal right" (*Felder*, 487 U.S. at 147, 101 L. Ed. 2d at 143, 108 S. Ct. at 2311). As the Court later pointed out, "the Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such manner that all the substantial rights of the parties under controlling federal law [are] protected.' " *Felder*, 487 U.S. at 151, 101 L. Ed. 2d at 146, 108 S. Ct. at 2313-14, quoting *Garrett v. Moore-McCormack Co.* (1942), 317 U.S. 239, 245, 87 L. Ed. 239, 244, 63 S. Ct. 246, 251.

We believe that our decision in *Raschke* remains undisturbed by *Felder*. The central tenet of *Felder* is that States may place no greater burden upon section 1983 claimants than that imposed by Federal law. The Wisconsin notice-of-claim statute disapproved in *Felder* erected barriers that would not be faced by a person filing an identical claim in Federal court. The exhaustion requirement placed on the plaintiffs in the instant cases, however, is essentially the same precondition plaintiffs would have to fulfill before gaining access to a Federal court under *McNary*. While we recognize that the majority opinion in *McNary* was based upon the principle of comity, rather than exhaustion of administrative remedies, we agree with the Wisconsin Supreme Court that *McNary* indicates that the United States Supreme Court "is equally concerned that tax challenges be conducted according to state *remedies* as it is that they be conducted in a state *forum*" (emphasis added) (*Hogan v. Musolf* (1991), 163 Wis. 2d 1, 18, 471 N.W.2d 216, 222). As the *Hogan* court explained:

> "The Supreme Court's primary interest in *McNary* was to avoid interference with state taxing practices by permitting states to have the opportunity to apply their remedies and procedures in tax matters before federal remedies are sought by a sec. 1983 action. *** It would be no less disruptive of the state's internal economy and administrative tax procedures for a state court to act under sec. 1983 and suspend the usual tax collection and refund procedures of the state than it would be for a federal court to do so. In addition, regardless of which court interferes with the state's fiscal operations, tax officials would be improperly denied the opportunity to rectify any alleged impropriety before being subject to a sec. 1983 action. Accordingly, we conclude that the policies which motivated the Court's decision in *McNary* are equally applicable to sec. 1983 actions in state court." *Hogan*, 163 Wis. 2d at 18, 471 N.W.2d at 222.

Accordingly, we reaffirm our decision in *Raschke* and find that the trial court properly dismissed plaintiffs' complaints for failure to allege exhaustion of the "plain, speedy and efficient remedy" available to them. (*Raschke*, 141 Ill. App. 3d at 817, 491 N.E.2d at 1174.) We note that in addition to the supreme court of Wisconsin, the Oregon Supreme Court has reached a similar conclusion. *Nutbrown v. Munn* (1991), 311 Or. 328, 811 P.2d 131; see also *Dean v. State* (1992), 250 Kan. 417, 826 P.2d 1372 (taxpayers must exhaust administrative remedies before seeking recovery of motor vehicle taxes); *Linderkamp v. Bismark School District No. 1* (N.D. 1986), 397 N.W.2d 76 (taxpayer

may not bring a section 1983 action in State court to enjoin or suspend the assessment or collection of any tax under State law where an adequate State remedy is available).

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.